# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
### EL PASO DIVISION

| | | |
|---|---|---|
| **DAT QUOC LY,** | § | |
| | § | |
| *Petitioner*, | § | |
| | § | |
| v. | § | No.  3:26-CV-01094-LS |
| | § | |
| **MARKWAYNE MULLIN, MARY DE** | § | |
| **ANDA YBARRA, TODD M LIONS,** | § | |
| **AND ERIKA ESTRADA,** | § | |
| | § | |
| *Respondents*. | § | |

## ORDER DISMISSING CASE

Respondents have notified the court that Petitioner was removed from the United States on June 2, 2026.[1] Petitioner filed a petition for a writ of habeas corpus regarding his detention by Immigration and Customs Enforcement.[2] Because Petitioner is no longer detained by Respondents, his petition is moot.[3] The Court therefore denies Petitioner's writ of habeas corpus and dismisses this case as moot.

**SO ORDERED**.

**SIGNED** and **ENTERED** on June 5, 2026.

_____
**LEON SCHYDLOWER**
**UNITED STATES DISTRICT JUDGE**

---

[1] ECF No. 13.

[2] ECF No. 2.

[3] *See Ortez v. Chandler*, 845 F.2d 573, 575 (5th Cir. 1988) (stating that a habeas petition becomes moot when the habeas relief requested can no longer be effected); *Chafin v. Chafin*, 568 U.S. 165, 172 (2013) ("[A] case 'becomes moot only when it is impossible for a court to grant any effectual relief whatever to the prevailing party.'" (citation omitted)).